IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANISSA REMO,<br>    *Plaintiff,* | ) ) ) | |
| vs. | ) ) | CASE NO.   5:22-cv-00353 |
| LYFT, INC.,<br>    *Defendant.* | ) ) ) | |

## DEFENDANT LYFT, INC. NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Lyft, Inc. ("Lyft") hereby gives notice and removes this case to the United States District Court for the Western District of Texas, San Antonio Division. Lyft represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

### THE REMOVED CASE

1.      The removed case is a civil action filed with the 224th Judicial District Court, Bexar County, Texas, on or about March 16, 2022, styled *Anissa Remo v. Lyft, Inc.*; Cause No. 2022CI04852 (the "State Court Action"). Plaintiff alleges that a driver using the Lyft platform was negligent with respect to an incident that occurred on January 22, 2022. *See* Pl. Orig. Pet. at ¶ 7. Plaintiff alleges that Lyft is vicariously liable under the doctrine of respondeat superior. *Id.* at ¶ 9. Plaintiff also alleges direct negligence claims against Lyft. *Id.* at ¶ 10.

2.      Promptly after the filing of this Notice of Removal, Lyft shall give written notice of the removal to Plaintiff through Plaintiff's attorney of record and to the clerk of the state court as required by 28 U.S.C. § 1446(d).

## DOCUMENTS FROM STATE COURT ACTION

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the State Court Action as of this date, and a copy of the state court's docket sheet, are contained in the Index of Documents, and filed contemporaneously with this Notice of Removal.

## BASIS FOR REMOVAL

4.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states or countries wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.      Complete Diversity of Citizenship Exists**

5.      Based upon the allegations of the Petition, Lyft is informed and believes that Plaintiff is an individual who is a citizen of Bexar County, Texas.  *Id.* at ¶ 3.

6.      Defendant Lyft is a corporation, incorporated in the State of Delaware with its principal place of business in the state of California.  Lyft is a citizen of California, not Texas.  Lyft has not yet been served. *See* State Court Action docket sheet.

7.      Lyft and Plaintiff are thus citizens of different states.

**B.      Amount in Controversy Requirement Satisfied**

8.      Plaintiff alleges "seeks monetary relief not more than $1,000,000." *See* Pl. Orig. Pet. at ¶ 2.  Pursuant to Texas Rule of Civil Procedure 47, Plaintiff cannot seek monetary relief of "not more than $1,000,000" without also seeking "monetary relief over $250,000." TEX. R. CIV. P. 47(c)(4).  Plaintiff also alleges serious injuries to her right arm, teeth, right knee, and right shoulder as a result of the subject incident and seeks damages for past and future medical expenses, past and future physical pain and mental anguish, past and future physical impairment, and past and future disfigurement.  *See* Pl. Orig. Pet. at ¶ 7, 11.  As such, the amount in controversy requirement is satisfied.

**C.      Notice of Removal Timely Filed**

9.      On March 18, 2022, Lyft first obtained a copy of the complaint and ascertained that the case is one which is removable.  This Notice of Removal is timely filed, as it is being filed within thirty days after March 18, 2022 as required by 28 U.S.C. § 1446(b)(3).

**EFFECTUATION OF REMOVAL**

10.      Removal is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states. Lyft thus hereby removes this action to the United States District Court for the Western District of Texas, San Antonio Division. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Western District of Texas, San Antonio Division, is the district in which Plaintiff's Original Petition was filed.

WHEREFORE, Lyft, Inc. hereby removes this action to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

Bryan D. Pollard
State Bar No. 00795592
FISHERBROYLES, LLP
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
bryan.pollard@fisherbroyles.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192

William J. Akins
State Bar No. 24011972
william.akins@fisherbroyles.com
Telephone: (214) 924-9504
Bradley B. Bush
State Bar No. 24057787
bradley.bush@fisherbroyles.com
Telephone: (512) 766-6226
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Facsimile: (214) 481-3768

ATTORNEYS FOR DEFENDANT LYFT, INC.

## INDEX TO DOCUMENTS

| DATE FILED | DESCRIPTION | EXHIBIT# |
|---|---|---|
| 3/16/22 | Plaintiff's Original Petition | A |
| 4/5/22 | Return of Service – Lyft, Inc. | B |
| 4/6/22 | Defendant Lyft, Inc.'s Original Answer | C |
| 4/12/22 | Case Docket Sheet | D |